UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| LONNIE W. BAWGUS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos. 2:09-CR-60-JRG-MCLC-1 |
| | )       2:13-CV-181-JRG |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM OPINION**

Presently before the Court are a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and a supplement thereto[1] filed by Lonnie W. Bawgus ("Petitioner") challenging, *inter alia*, his enhanced sentence as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015).[2] In light of both *Johnson* and the recent *en banc* decision of the Sixth Circuit Court of Appeals in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), it now is undisputed that Petitioner no longer qualifies as an armed career criminal under the ACCA. Accordingly, Petitioner's pro se § 2255 motion [Doc. 148], as supplemented [Doc. 173], will be **GRANTED IN PART** solely to the extent Petitioner has raised a *Johnson* claim, but will be **DENIED IN PART** as to all other claims raised therein.

---

[1] Petitioner's pro se motion to amend his § 2255 motion to add a *Johnson* claim [Doc. 173] will be granted. His pro se motion for the Court to take judicial notice of the *Johnson* case [Doc. 169] will be denied as moot.

[2] The Supreme Court has determined that *Johnson*, which invalidated the residual clause of the ACCA as unconstitutionally vague, announced a new "substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016); *see also In re Watkins*, 810 F.3d 375, 381-85 (6th Cir. 2015).

**I. BACKGROUND**

On July 14, 2009, a grand jury sitting in the Eastern District of Tennessee returned a one-count indictment charging Petitioner with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) [Doc. 3]. Following a trial, Petitioner was found guilty by jury verdict on Count One on November 17, 2010 [Doc. 115].

The presentence investigation report ("PSIR") identified sixteen previous convictions for a violent felony, committed on occasions different from one another, that qualified Petitioner as an armed career criminal under the ACCA. Fourteen of those convictions[3] were for aggravated burglary under Tennessee law [PSIR ¶¶ 41, 42 (thirteen counts)].[4] As an armed career criminal, Petitioner was subject to a statutory mandatory minimum incarceration sentence of 15 years to a maximum of life and his advisory guideline sentencing range under the United States Sentencing Guidelines ("USSG") was 210 to 262 months [*Id.* ¶¶ 66, 67].

On May 23, 2011, Petitioner was sentenced to a term of imprisonment of 210 months and a term of supervised release of 5 years [Doc. 126 at 2–3]. On July 16, 2012, the Sixth Circuit

---

[3] Petitioner's other two predicate offenses were convictions for aggravated assault and for burglary other than a habitation [PSIR ¶¶ 38, 42].

[4] The ACCA requires three previous convictions committed "on occasions different from one another." 18 U.S.C. § 924(e)(1). The Sixth Circuit has held that "under the ACCA, a career criminal is one who has been convicted of three criminal 'episodes.'" *United States v. Hockenberry*, 730 F.3d 645, 667 (6th Cir. 2013) (quoting *United States v. McCauley*, 548 F.3d 440, 448 (6th Cir. 2008)). "Although related to the entire course of events, an episode is a punctuated occurrence with a limited duration." *McCauley*, 548 F.3d at 448. Accordingly, crimes that a defendant commits against different victims, in different places, and at different times, will generally be separate offenses. *Hockenberry*, 730 F.3d at 667. Thus, "even when convictions 'were sentenced on the same day, they count separately for purposes of calculating an ACCA enhancement.'" *Id.* (quoting *United States v. Kearney*, 675 F.3d 571, 575 n. 5 (6th Cir. 2012)).

affirmed this Court's order denying Petitioner's motion in limine to exclude from trial a videotape of his arrest [Doc. 140], and the United States Supreme Court denied Petitioner's petition for a writ of certiorari on November 5, 2012 [Doc. 146].

On July 8, 2013, Petitioner filed a pro se § 2255 motion asserting four general grounds for relief: (1) prosecutorial misconduct before the grand jury; (2) a due process violation arising from the Court's denial of his motion for acquittal; (3) ineffective assistance of counsel; and (4) a challenge to his armed career criminal status based on the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013) [Doc. 148]. The government filed a response in opposition to Petitioner's motion on January 13, 2014 [Doc. 158].

On April 25, 2016, Petitioner filed a pro se motion to amend his § 2255 motion seeking to raise a new challenge to his armed career criminal status based on the Supreme Court's invalidation of the ACCA residual clause in *Johnson* [Doc. 173]. While initially opposing Petitioner's attempt to raise a *Johnson* claim [Doc. 170], the government subsequently filed a motion to defer ruling on Petitioner's motion pending an *en banc* decision from the Sixth Circuit in *United States v. Stitt*, 646 F. App'x 454 (6th Cir. 2016) [Doc. 179]. The Court granted the government's motion on July 25, 2016, and stayed the case [Doc. 180]. On June 27, 2017, the Sixth Circuit issued its *en banc* decision holding that a conviction of aggravated burglary under Tennessee law does not qualify as a violent felony predicate offense under the ACCA. *Stitt*, 860 F.3d at 856.

On July 7, 2017, the government filed a supplemental response to Petitioner's § 2255 motion conceding that Petitioner no longer qualifies as an armed career criminal in light of *Johnson* and *Stitt* [Doc. 184].

3

On July 17, 2017, Petitioner, through court-appointed counsel, filed a sealed reply [Doc. 186].[5]

## II. ANALYSIS

### A. TIMELINESS

Section 2255(f) places a one-year period of limitation on all petitions for collateral relief under § 2255 which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In this case, Petitioner's judgment of conviction became final when the United States Supreme Court denied his petition for a writ of certiorari on November 5, 2012 [Doc. 146]. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (conviction becomes final for purposes of one-year limitation period upon conclusion of direct review). Petitioner filed his original pro se § 2255 motion on July 8, 2013 [Doc. 148], well within the one-year window permitted under § 2255(f)(1).

As to Petitioner's supplemental motion, claims based on the Supreme Court's opinion in *Johnson* satisfy the third sub-category of § 2255(f)—the assertion of a newly recognized right

---

[5] Petitioner's motion for leave to file the reply under seal [Doc. 185] will be granted.

made retroactively applicable to cases on collateral review. *Welch*, 136 S. Ct. at 1268 (*Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review); *In re Watkins*, 810 F.3d at 381–85. The one-year limitation period for filing a motion to vacate based on a right newly recognized by the Supreme Court runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable. *Dodd v. United States*, 545 U.S. 353, 357 (2005). Accordingly, *Johnson* triggered a renewed one-year period of limitation beginning on the date of that decision, June 26, 2015, and running until June 26, 2016.

In this case, Petitioner filed a pro se motion to amend his § 2255 motion seeking to raise a *Johnson* claim on April 25, 2016 [Doc. 173], which falls safely within the one-year window for requesting collateral relief under *Johnson*.

### B. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 558–59 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### C. PETITIONER'S *JOHNSON* CLAIM

A felon who possesses a firearm normally faces a maximum penalty of 10 years' imprisonment, 18 U.S.C. § 924(a)(2), and 3 years' supervised release, 18 U.S.C. §§ 3559(a)(3)

5

and 3583(b)(2). However, if that felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a 15-year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to 5 years, 18 U.S.C. §§ 3559(a)(1) and 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court determined that the residual clause of the ACCA is unconstitutionally vague and concluded "that imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 376 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCA's use-of-physical-force clause). Thus, under *Johnson*, an ACCA sentence only raises due process concerns, and thus is invalid, if it necessarily was based on predicate violent felonies that qualified as such only under the ACCA's residual clause.

In this case, fourteen of Petitioner's sixteen predicate offenses were convictions for aggravated burglary in violation of Tennessee Code Annotated § 39-14-403 [PSIR ¶¶ 41, 42]. Petitioner contends, *inter alia*, that aggravated burglary could qualify as a predicate offense only under the stricken residual clause of the ACCA. In response, the government initially cited then-

6

binding Sixth Circuit precedent holding that a conviction for aggravated burglary under the Tennessee statute qualifies as an ACCA predicate under the enumerated-offense clause. *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007).

However, in the *en banc Stitt* decision, the Sixth Circuit overruled *Nance* and expressly held that aggravated burglary is not a violent felony for purposes of the ACCA. 860 F.3d at 860–61. Applying a categorical approach, the Court determined that the Tennessee aggravated burglary statute "sweeps more broadly than generic burglary" and thus cannot qualify as a violent felony under the enumerated-offense clause. *Id*. at 861. Because the statute categorically is not a violent felony, and also is indivisible, the Sixth Circuit concluded that a conviction under the Tennessee aggravated burglary statute does not count as a violent felony under the ACCA. *Id*. at 862.

Because a conviction for aggravated burglary does not qualify as a violent felony under the first two clauses of § 924(e)(2)(B), and *Johnson* invalidated the residual clause, Petitioner's aggravated burglary convictions under the Tennessee statute no longer can be used as predicate offenses under the ACCA.[6] Furthermore, absent those convictions, Petitioner no longer has the requisite three prior convictions of a violent felony or a serious drug offense necessary to subject him to the ACCA's enhanced penalties.

Accordingly, the *Johnson* and *Stitt* decisions dictate that Petitioner no longer can be designated an armed career criminal under § 924(e). As a result, the 210-month term of imprisonment and 5-year term of supervised release imposed by the Court exceeded the maximum authorized sentence of not more than 10 years' imprisonment and not more than 3 years' supervised release for a non-ACCA offender convicted of a violation of § 922(g)(1). *See* 18 U.S.C.

---

[6] The government concedes that aggravated burglary only could qualify as a violent felony under the residual clause of the ACCA [Doc. 184 at 4].

§ 924(a)(2) and 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). Under these circumstances, the Court finds a clear entitlement to § 2255 relief on Petitioner's *Johnson* claim, as Petitioner has been subjected to "a sentence imposed outside the statutory limits." *McPhearson*, 675 F.3d at 559.

Where a § 2255 claim has merit, a district court "shall vacate and set the judgment aside" and, "as may appear appropriate," shall either "discharge the prisoner or resentence him or grant a new trial or correct the sentence." 28 U.S.C. § 2255(b); *see also Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013).

Here, the parties do not dispute that Petitioner is entitled to § 2255 relief under *Johnson*, but they disagree as to the most appropriate form of that relief. While the parties are in agreement that the advisory guideline sentencing range that applies to Petitioner as a non-ACCA offender is 92 to 115 months [Doc. 184 at 4; Doc. 186 at 2], the government submits that the appropriate relief would be to reduce Petitioner's sentence to 115 months' imprisonment, the top of the non-ACCA advisory guideline sentencing range, and to reduce the term of supervised release previously imposed to the statutory maximum of 3 years [Doc. 184 at 4–5]. Petitioner, however, seeks a sentence of either time served[7] or 92 months, the low end of the non-ACCA advisory guideline sentencing range, and a supervised release term of only 1 year [Doc. 186 at 2].

Due to the disparity in the parties' proposed resolutions, the Court believes that the most appropriate form of relief in this case is to resentence Petitioner following a full resentencing hearing. The Court will direct the Probation Office to prepare an Addendum containing a re-calculation of Petitioner's advisory guideline sentencing range under the current Guidelines

---

[7] The parties indicate that as of July 2017 Petitioner already had served approximately 91 months in custody [Doc. 184 at 5 n.2; Doc. 186 at 2].

Manual and detailing Petitioner's post-sentencing conduct and a resentencing hearing will be set. The Court will enter an order accordingly.

## D. PETITIONER'S OTHER CLAIMS

Although Petitioner is entitled to relief from an unlawful sentence under *Johnson*, he is not entitled to relief on any of the other claims that he raised in his pro se § 2255 motion, all of which either have been procedurally defaulted or otherwise are without merit.

### 1. Claims Alleging Prosecutorial Misconduct and Court Error

The first two grounds for relief stated in Petitioner's pro se § 2255 motion allege that the government misled the grand jury, suppressed exculpatory evidence and suborned perjury at petitioner's trial [Doc. 148 at 14–25], and that the Court violated due process when it denied Petitioner's motion for judgment of acquittal in light of the foregoing alleged acts of government misconduct [*Id*. at 22–23]. Because Petitioner had the ability to raise all of these arguments on direct appeal, but did not do so, he has procedurally defaulted these theories of relief.

It is well-established that a § 2255 motion "is not a substitute for a direct appeal." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)). Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the crime. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). The hurdle a petitioner faces to excuse procedural default is "intentionally high[,] . . . for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000).

9

Petitioner has not put forth any good cause for his failure to raise the foregoing errors on direct appeal nor has he established any actual prejudice to excuse his failure to raise them. Moreover, although Petitioner alleges that he is "actually and factually innocent" [Doc. 148 at 22–23], in order to establish actual innocence, a petitioner must demonstrate that, "'in light of all the evidence,'" "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327-328 (1995) (citation omitted). Here, the evidence presented at trial included, *inter alia*, Petitioner's admission to police officers that he possessed the firearm that was found under the driver's seat of the vehicle that he had been driving [Doc. 133 at 25, 39–40]. Although Petitioner presented testimony from a witness, Michelle St. Pierre, who claimed ownership of the firearm and testified that Petitioner was unaware of its presence in the vehicle, the jury nevertheless found Petitioner guilty, and that verdict was reasonable in light of all the evidence. As the government aptly notes, Petitioner's disagreement with the verdict does not establish his actual or factual innocence [Doc. 158].

Since Petitioner did not raise any of the foregoing claims on direct appeal, and he has failed to show either cause for that failure, or actual prejudice arising from it, and also has not established his actual innocence, he has procedurally defaulted those claims and they will not be addressed under § 2255.

2.      **Ineffective Assistance of Counsel Claims**

Petitioner's remaining claims allege that his two court-appointed attorneys[8] were ineffective by failing to adequately investigate and litigate his actual innocence. Because

---

[8] Petitioner initially was represented by Nikki Pierce of Federal Defender Services of East Tennessee, Inc. [Doc. 6]. Later, Jerry Fabus was appointed as substitute counsel [Doc. 85].

Petitioner cannot establish deficient performance by either attorney, his ineffective assistance of counsel claims will be denied.

A petitioner alleging ineffective assistance must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id.*, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel's assistance is presumed to have been effective, and the petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy" (internal citation omitted)).

Second, the petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant a new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

Here, Petitioner alleges that both Pierce and Fabus failed to "investigate and litigate" Petitioner's claim that he was unaware of the presence in the vehicle of the firearm at issue until

11

after the traffic stop that led to his indictment and that St. Pierre claimed ownership of it. The record, however, belies Petitioner's allegations. First, Attorney Pierce filed a motion to suppress the gun and ammunition from use at trial [Doc. 13] and questioned Officer Allman during the subsequent evidentiary hearing about St. Pierre's statement that the gun was hers [Doc. 41 at 43–44]. And, at trial, Attorney Fabus called St. Pierre as a defense witness to testify that the gun in fact was hers and that Petitioner did not know that it was in the vehicle [Doc. 133 at 100–11]. The fact that this Court denied Petitioner's suppression motion, and the jury did not accept St. Pierre's testimony that the gun belonged to her, does not establish that either Attorney Pierce or Attorney Fabus performed deficiently.

Because Petitioner has failed to establish that the performance of either of his court-appointed attorneys was deficient, his ineffective assistance of counsel claims fail.

## III. CONCLUSION

For the reasons set forth herein, the Court finds that Petitioner is entitled to partial relief under § 2255 and will grant in part and deny in part his pro se § 2255 motion [Doc. 148], as supplemented [Doc. 173]. To the extent Petitioner has raised a claim under *Johnson* his § 2255 motion will be granted but it will be denied as to all other claims raised. The Judgment imposed by the Court on May 23, 2011 [Doc. 126], will be vacated and a resentencing hearing will be set. The United States Probation Office will be directed to provide the Court with information necessary for sentencing. The Clerk of Court will be directed to close the civil case at No. 2:13-CV-181.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

after the traffic stop that led to his indictment and that St. Pierre claimed ownership of it. The record, however, belies Petitioner's allegations. First, Attorney Pierce filed a motion to suppress the gun and ammunition from use at trial [Doc. 13] and questioned Officer Allman during the subsequent evidentiary hearing about St. Pierre's statement that the gun was hers [Doc. 41 at 43–44]. And, at trial, Attorney Fabus called St. Pierre as a defense witness to testify that the gun in fact was hers and that Petitioner did not know that it was in the vehicle [Doc. 133 at 100–11]. The fact that this Court denied Petitioner's suppression motion, and the jury did not accept St. Pierre's testimony that the gun belonged to her, does not establish that either Attorney Pierce or Attorney Fabus performed deficiently.

Because Petitioner has failed to establish that the performance of either of his court-appointed attorneys was deficient, his ineffective assistance of counsel claims fail.

## III. CONCLUSION

For the reasons set forth herein, the Court finds that Petitioner is entitled to partial relief under § 2255 and will grant in part and deny in part his pro se § 2255 motion [Doc. 148], as supplemented [Doc. 173]. To the extent Petitioner has raised a claim under *Johnson* his § 2255 motion will be granted but it will be denied as to all other claims raised. The Judgment imposed by the Court on May 23, 2011 [Doc. 126], will be vacated and a resentencing hearing will be set. The United States Probation Office will be directed to provide the Court with information necessary for sentencing. The Clerk of Court will be directed to close the civil case at No. 2:13-CV-181.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

s/J. Ronnie Greer
_____
                                        UNITED STATES DISTRICT JUDGE