UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
v. )
) No. 2:09-CR-00060-JRG-1
LONNIE W. BAWGUS )
)
)

# MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 220], as supplemented [Docs. 222, 223], and the Government's motion for an extension of time to file a response to Defendant's motion for compassionate release [Doc. 228], which it filed simultaneously with its response in opposition [Doc. 229]. Also before the Court are Defendant's "Motion on Constitution Violates" [Doc. 224], as supplemented [Docs. 225, 226] and Defendant's motion for modification of sentence [Doc. 227].

As a preliminary matter, the Court will address the Government's motion for an extension of time [Doc. 228]. Pursuant to Standing Order 19-04, the Government was required to respond to Defendant's motion for compassionate release by November 23, 2020, but did not do so until September 30, 2021 [*Id.*]. Citing the heavy workload of counsel as the cause of the omission, the Government asks the Court to extend the filing deadline by 311 days, thereby rendering its response in opposition timely [*Id.*]. Under other circumstances, the Court would be inclined to deny such a lengthy extension. However, having considered the specific circumstances of the Government's request, which was not opposed by Defendant, and in the interests of a full and fair

determination of the merits of Defendant's claim, the Court will GRANT the motion for extension of time [Doc. 228].

For the reasons that follow, Defendant's motions [Docs. 220, 224, 227] will be denied.

I.  **BACKGROUND**

On May 23, 2011, Defendant was sentenced to 210 months of imprisonment and five years of supervised release based on his conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) [Doc. 126].  Defendant's sentence included an armed career criminal enhancement based on his prior Tennessee conviction for aggravated assault and fourteen separate Tennessee aggravated burglary convictions [Presentence Report, at ¶¶ 38, 41, 42].

On November 20, 2017, the Court granted in part Defendant's motion to vacate judgment pursuant to 28 U.S.C. § 2255, finding that Defendant no longer qualified as an armed career criminal, due to the Sixth Circuit Court of Appeals' decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc), which held that Tennessee aggravated burglary is not a predicate for armed career criminal status [Doc. 18, at 7].  The Court resentenced Defendant to a term of 105 months imprisonment with two years of supervised release [Doc. 197].

Defendant was released in January of 2018 and began a period of supervised release [*See* Doc. 202].  While on supervised release, Defendant used illegal drugs and failed to report for a drug screen [Doc. 202, at 2–3].  He admitted to the violations, and on December 5, 2018, was sentenced to seven months of incarceration pursuant to an agreed revocation order [Doc. 209].

In 2018, the United States Supreme Court reversed the Sixth Circuit's *Stitt* decision. *United States v. Stitt*, 139 S. Ct. 399 (2018).  As a result, Defendant's aggravated burglary convictions once again qualify as predicates for an armed career criminal sentence enhancement.

2

The Sixth Circuit Court of Appeals vacated Defendant's reduced sentence and ordered this Court to reinstate Defendant's original sentence [Doc. 126]. Accordingly, on October 24, 2019, the Court reinstated Defendant's original enhanced sentence of 210 months with five years of supervised release [Doc. 212]. After his resentencing, Defendant filed motions in which he seemingly tried to relitigate his challenge to his armed career criminal status [Docs. 216, 217]. The Court denied the motions as having already been litigated and emphasized that the Supreme Court's *Stitt* decision is binding law [Doc. 219, at 3].

The Defendant is presently housed at Devens Federal Medical Center, and according to the Bureau of Prisons ("BOP"), his projected release date is October 26, 2026. *See* Inmate Locator, Bureau of Prisons, https//www.bop.gov.inmateloc/ (last visited Feb. 19, 2022). He now moves for compassionate release based on COVID-19, his medical conditions, family obligations, and the reinstatement of his enhanced sentence [Doc. 220].

## II. COMPASSIONATE RELEASE

### A. Legal Standard

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Section 3582(c)(1)(A)(i) of Title 18, United States Code authorizes district courts to consider defendant motions for sentence reduction based on "extraordinary and compelling reasons."

Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105

(6th Cir. 2020). Exhaustion of administrative remedies is a "mandatory condition" for defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). However, because the administrative exhaustion requirement operates as a "claim processing rule," it may be waived or forfeited by the Government. *Id*. at 833–34.

If the exhaustion requirement has been met, a court may grant a motion for compassionate release if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the court has "considered the factors . . . in 18 U.S.C. § 3553(a), to the extent that they apply." § 3582(c)(1)(A). However, when the defendant, rather than the BOP, files a motion for compassionate release, the court "may skip step two of the [Section] 3583(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling circumstances' without consulting the policy statement in [U.S.S.G.] § 1B1.13.'" *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). A motion for compassionate release may be denied when one of the substantive requirements is not met. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

B.  ANALYSIS

Defendant alleges that he requested compassionate release from the warden at his facility on September 17, 2020, and did not receive a response [Doc. 220, at 2]. The Government contends that Defendant's alleged exhaustion is uncorroborated [*see* Doc. 229-1], but expressly waives the exhaustion requirement [Doc. 229, at 4]. Thus, the Court finds that it has authority under § 3582(c)(1)(A) to address the merits of Defendant's motion.

First, Defendant seeks compassionate release based on health-related concerns. He asks the Court to find that his having contracted COVID-19, as well as his mental health problems, and

hepatitis C and hepatitis B diagnoses constitute extraordinary and compelling reasons for his release [Docs. 220, 223].

The BOP reports that Defendant's correctional facility currently has eleven confirmed cases of COVID-19 among the inmate population and fourteen confirmed cases among staff. *COVID-19: Coronavirus*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Feb. 19, 2022). These numbers are not insignificant. However, they are not extraordinary. Because COVID-19 poses a danger to everyone, both inside and outside the prison setting, the pandemic alone cannot justify compassionate release. *See, e.g.*, *United States v. Shah*, No. 16-20457, 2020 U.S. Dist. LEXIS 73313, at *4–5, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . . , whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

Additionally, at Defendant's prison, 445 staff and 910 inmates have been fully vaccinated. *See* Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Feb. 19, 2022). Defendant was offered the vaccine in March of 2021, but declined it [Doc. 230, at 59].[1]

Defendant is 45 years old and suffers from chronic viral hepatitis B, as documented in his medical records from the BOP [*See* Doc. 230, at 53]. Medical records indicate that Defendant's hepatitis C has been resolved [Doc. 230, at 55], and that he contracted COVID-19 in September

---

[1] Medical records before the Court, which were generated in July of 2021, do not indicate that Defendant has been vaccinated since his refusal [*See generally*, Doc. 230].

5
Case 2:09-cr-00060-JRG-MCLC   Document 231   Filed 02/25/22   Page 5 of 9   PageID #: 1579

2020 and recovered [Doc. 230, at 7–21, 54, 61–2]. According to Defendant's presentence report, Defendant reported that he was diagnosed with anxiety and bipolar disorder [Presentence Report, ¶ 59].

Liver disease, such as hepatitis C, "might" place an individual at increased risk of serious complications from COVID-19. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 24, 2022). Also, mood disorders, such as depression and schizophrenia "can" increase the risk of severe illness from COVID-19. *Id.*

However, Defendant does not claim that his conditions are life-threatening or untreated. Defendant does not provide evidence that his mental health problems, which were disclosed at sentencing, have worsened. To the extent that Defendant's mental health and hepatitis B could place him at increased risk of serious complications from COVID-19, that risk is mitigated by the fact that Defendant recovered from his prior case of COVID-19, apparently without any lasting symptoms. Also, Defendant has been provided with access to a COVID-19 vaccine. A defendant's "access to the COVID-19 vaccine substantially undermines his request for a sentence reduction" because "with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). "[T]o the extent prisons do offer some unique challenges" such as social distancing, "the vaccine now significantly reduces the risks associated with COVID-19." *Id*. In light of the availability of a vaccine, Defendant's prior recovery from the virus, and the lack of evidence that Defendant's physical and mental health conditions are sufficiently dire, the Court finds that Defendant's medical conditions amid the COVID-19 pandemic are not extraordinary and compelling circumstances warranting release.

Defendant also asks the Court to grant compassionate release because his original enhanced sentence was reinstated after the Supreme Court's decision in *Stitt*. To the extent that Defendant requests that the Court revisit his designation as an armed career criminal, the Court is unable to do so. As noted above, the Supreme Court has expressly ruled that Tennessee aggravated burglary counts as a predicate for armed career criminal status. Therefore, Defendant's fourteen convictions for aggravated burglary count as predicates for his armed career criminal status and this Court is powerless to alter that result. To the extent Defendant argues that the unfairness of his release and rearrest warrant compassionate release, the Court recognizes the frustration that Defendant has experienced due to the reversals of fortune in his case. However, the fact that Defendant's original sentence was reinstated due to an intervening Supreme Court decision is not an extraordinary and compelling reason for release.

Last, Defendant asks the Court to reduce his sentence so that he can return to his wife and children. The Court acknowledges Defendant's attachment to his family. However, unfortunately, separation from his family is an inevitable consequence of his offense, not an extraordinary and compelling reason for a sentence reduction.

Thus, the Court finds that Defendant has not shown extraordinary and compelling reasons for his release. Because the requirement of extraordinary and compelling reasons has not been met, the Court need not consider the factors under 18 U.S.C. § 3553(a). *See Elias*, 984 F.3d at 519.

### III. OTHER MOTIONS

Defendant has filed two additional motions, both of which will be denied. In his "Motion on Constitution Violates" [Doc. 224], as supplemented [Docs. 225, 226], Defendant appears to request a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) for alleged constitutional

violations. In the motion, he claims that his Fourth Amendment rights were violated by an unlawful search and seizure and that his Eighth Amendment right to be free of cruel and unusual punishment was violated by the reinstatement of his initial sentence. It is not clear what previous filing Defendant is attempting to appeal. To the extent that Defendant's constitutional claims constitute a challenge to his armed career criminal status, that issue has been fully litigated and decided, as discussed above. To the extent that Defendant wishes to raise new issues not addressed in his § 2255 motion, he should seek permission from the Court of Appeals to file a second or successive § 2255 motion petition.

The Defendant asks the court to appoint counsel to assist him with his alleged constitutional claims [Docs. 224, 225, 226]. However, there is no constitutional right to an attorney in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (holding that the constitutional right to counsel does not extend to collateral proceedings). Having considered all the relevant factors, the Court finds that the interests of justice do not require appointment of counsel at this time, and the Court declines to do so.

Defendant also filed a motion for modification of sentence [Doc. 227] in which he argues that he should not be considered an armed career criminal because aggravated assault no longer qualifies as a predicate. Even if Defendant were correct, he would still be considered an armed career criminal because his fourteen convictions for aggravated burglary remain valid predicates.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motions [Docs. 220, 224, 227] are **DENIED**. The Government's motion [Doc. 228] is **GRANTED**.

So ordered.

ENTER:

                                               s/J. RONNIE GREER
                                         UNITED STATES DISTRICT JUDGE